SLIP OPINION

Cite as 2015 Ark. 484

# SUPREME COURT OF ARKANSAS

No. CR–14–1030

| | |
|---|---|
| Z.L.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** December 17, 2015<br><br>APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT<br>[NO. CR–2008–56]<br><br>HONORABLE HAROLD S. ERWIN, JUDGE<br><br><u>REVERSED AND DISMISSED</u>. |

**RHONDA K. WOOD, Associate Justice**

This appeal stems from an order of the circuit court, entered after an Extended Juvenile Jurisdiction review hearing, sentencing the appellant, Z.L., to a term of twenty-five years in the Arkansas Department of Correction. Z.L. contends that the circuit court lacked jurisdiction to impose an adult sentence because he had reached the age of twenty-one before the hearing was scheduled and conducted, and before the sentencing order was entered. Because we agree that the circuit court lacked jurisdiction, we reverse and dismiss the case.

In March 2008, one day after his fifteenth birthday, Z.L. was charged as an adult with rape. On August 5, 2009, the criminal case was transferred to the juvenile division of the circuit court as an Extended Juvenile Jurisdiction ("EJJ") case pursuant to Arkansas Code Annotated section 9-27-318(i) (Repl. 2009) and assigned a juvenile case number. On

August 5, 2009, Z.L. stipulated to an EJJ delinquency finding.[1] An EJJ adjudication order was entered, and he was committed to the Arkansas Division of Youth Services ("DYS").

Four years later, in November 2013, DYS filed a petition to release Z.L. from the DYS commitment as he had "benefited from the services provided and [was] not reasonably expected to benefit further from continuation of the commitment." However, no hearing was held on DYS's petition, and the court did not enter an order to release Z.L. Nevertheless, on or around his twenty-first birthday in March 2014, DYS released Z.L.

Then, in March 2014, several days after Z.L. turned twenty-one, his case was set for a hearing in the circuit court to consider imposition of an adult sentence. In response, Z.L. filed a motion to dismiss for lack of jurisdiction. The circuit court denied Z.L.'s motion and ultimately proceeded to hear testimony as to whether an adult sentence should be imposed. On September 2, 2014, the circuit court entered an order in the juvenile division finding that the case should be transferred to the criminal division and assigned the criminal case number. A second juvenile order was entered finding that an adult sentence was appropriate and sentencing Z.L. to twenty-five years in the Arkansas Department of Correction. That same day, a sentencing order was entered in Z.L.'s criminal case also sentencing him to twenty-five years in the Arkansas Department of Correction.

The only issue on appeal is whether the circuit court had jurisdiction that enabled it to impose an adult sentence on Z.L. It is well–settled that jurisdiction is a court's authority

---

[1] The order stated the juvenile pled "guilty" to the charge of rape, a class Y felony, however that is technically inaccurate in a juvenile delinquency adjudication, but rather it is a stipulation to a finding of delinquency under EJJ. *See* Arkansas Code Annotated § 9-27-327 (a), (d) (Repl. 2009).

SLIP OPINION

to hear and decide a particular type of case. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559. A court lacks jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.* A court obtains jurisdiction under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.* Where the issue of jurisdiction requires interpretation of a statute or constitutional provision, this court's review is de novo. *Id.*

Pursuant to Arkansas Code Annotated section 9-27-306(a)(1)(A)(i) (Repl. 2009), the juvenile division of circuit courts has exclusive, original jurisdiction of juvenile delinquents. Subsection (a)(1) of 9-27-306 identifies the juvenile proceedings over which the circuit court has jurisdiction. These include, but are not limited to, proceedings in EJJ cases. Ark. Code Ann. § 9-27-306(a)(1)(G)(stating "[t]he circuit court shall have exclusive original jurisdiction of and shall be the sole court for . . . [p]roceedings for which a juvenile is alleged to be an extended juvenile jurisdiction offender under § 9-27-501 et seq."). Subsection (a)(2) of 9-27-306 sets an age parameter on all the juvenile proceedings. It states, "a juvenile shall not under any circumstances remain under the court's jurisdiction past twenty-one years of age." Ark. Code Ann. § 9-27-306(a)(2). We interpret this to mean that the circuit court's juvenile jurisdiction ceases on the juvenile's twenty-first birthday.

Furthermore, pursuant to Arkansas Code Annotated section 9-27-501(a)(Repl. 2009), a juvenile delinquent between the ages of thirteen and seventeen who has committed a particularly egregious crime may be designated as an EJJ offender. Arkansas Code Annotated section 9-27-507 (Repl. 2009) gives circuit courts the authority to conduct a review hearing to modify a juvenile disposition order or to impose an adult sentence. A

SLIP OPINION

review hearing can be requested by the State, DYS, or the juvenile. Ark. Code Ann. § 9-27-507(a),(c)(1)(A),(c)(2)(A). However, if no hearing has been conducted at least six months before the juvenile's twenty-first birthday, the court shall set a hearing "to determine whether to release the juvenile, amend or add any juvenile disposition, or impose an adult sentence." Ark. Code Ann. § 9-27-507(e)(1).

Z.L. argues that the circuit court lost jurisdiction to impose an adult sentence after he turned twenty-one years old. We agree. Before he turned twenty-one, Z.L. was under juvenile jurisdiction as an EJJ offender. However, the juvenile division lost jurisdiction over Z.L. once he turned twenty-one. *See* Ark. Code Ann. § 9-27-306(a)(2). Thus, on September 2, 2014, the circuit court lacked jurisdiction to issue the orders in the juvenile case transferring Z.L. to the criminal division and sentencing him to twenty-five years in the Arkansas Department of Correction. Likewise, without a valid order transferring jurisdiction from the juvenile division to the criminal division, the criminal division of the circuit court lacked jurisdiction to enter the sentencing order.

The State incorrectly interprets Arkansas Code Annotated section 9-27-507(e)(1) (Repl. 2009) as requiring the court to hold a review hearing, regardless of the juvenile's age. While the statute instructs the circuit court to hold a hearing "to determine whether to release the juvenile, amend or add juvenile disposition, or impose an adult sentence," it clearly requires that it do so before the juvenile turns twenty-one. Ark. Code Ann. § 9-37-507(e)(1). Nothing in Arkansas Code Annotated section 9-27-507 contemplates that the circuit court will retain jurisdiction or transfer the juvenile to the criminal division for adult sentencing after the juvenile's twenty-first birthday. Accordingly, we hold that the circuit

court lacked jurisdiction to conduct an EJJ review hearing and impose an adult sentence on Z.L.

Reversed and dismissed.

*C. Scott Nance*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.